SARAH R. WOLK (SBN 251461)
*srw@wolklevine.com*
ZACHARY LEVINE (SBN 265901)
*zjl@wolklevine.com*
Wolk & Levine, LLP
535 N. Brand Blvd., Ste. 300
Glendale, CA 91203
Telephone: 818-241-7499
Facsimile: 323-892-2324

Attorneys for Plaintiff The X-Law Group, PC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE X-LAW GROUP, PC, a California professional corporation;<br><br>  Plaintiff,<br><br>  vs.<br><br>X.LAW, an unknown entity; and JOHN DOE 1-10;<br><br>  Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br>  1. Violation of Anticybersquatting Consumer Protection Act; and<br>  2. California Unfair Competition.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff The X-Law Group, PC ("Plaintiff"), by and through its undersigned counsel, files the following Complaint for damages and injunctive relief; and demand for jury trial, complaining of Does 1 through 10 (individually a "Defendant" and collectively the "Defendants") as follows:

///

COMPLAINT - 1

## JURISDICTION AND VENUE

1. This action arises out of Defendants Does' violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and related claims under the laws of the State of California.

2. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a). Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state claim herein in that this claim is related to, and forms part of, the same case and controversy as the federal claim herein.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that on information and belief, Defendants are subject to jurisdiction and are doing business in this district, Defendants are attempting to sell goods in this judicial district, and/or a substantial part of the events giving rise to the claims hereunder occurred in this judicial district, and/or a substantial part of the property that is the subject of the action is situated in this judicial district.

## PARTIES

4. Plaintiff The X-Law Group, PC is, and at all times relevant hereto was, a professional corporation organized under the laws of the State of California, with its principal place of business in Los Angeles County, California.

5. The Defendant x.law is a top level domain which is controlled by an unknown person or entity.

6. On information and belief, Defendant John Doe is a person of unknown identity who registered the x.law domain without authorization and in bad faith.

7. On information and belief, Does 1-10, are, and at all times relevant hereto were, by the nature of their conduct, liable to the Plaintiff for the misconduct alleged herein. At such time as the true names and identities of the Doe

Defendants are known, Plaintiff will seek leave of this Court to amend their complaint to add the same.

## NOTICE

8.  Pursuant to Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of filing of this complaint is being sent to the Defendant at the postal address and email address provided on the current WHOIS record along with a request to waive service pursuant to Federal Rule of Civil Procedure 4(d).

9.  The Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiff will promptly publish notice of this action as the Court may direct after filing of this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.  On information and belief, the x.law domain was created on October 29, 2020 (the "Domain") and has never hosted any content – it is and always has been "parked" with GoDaddy.

11.  Plaintiff The X-Law Group, PC is a nationally renowned civil litigation law firm headquartered in Los Angeles, California that specializes in catastrophic personal injury, consumer class actions, and other large complex civil cases, many of which are regularly reported in national and international media.

12.  All of the legal services provided by Plaintiff are offered in connection with the "X-Law" mark (the "Mark"), which has been used in commerce continuously by the Plaintiff since September 15, 2008.

13.  On September 15, 2015, the Mark was registered with the USPTO and assigned U.S. Registration Number 4,811,399 in International Class 045 for "Legal services".

14. Domain names that end with the ".Law" are meant only for legal professionals. In fact, GoDaddy states, on its website, that ".Law" domains are "[a]vailable exclusively to accredited lawyers and law firms worldwide, .law provides legal professionals with the opportunity to secure a suitable domain name providing prospective clients with a credible trusted resource."

15. Beginning in 2023, Plaintiff became aware of the registration by the individual of the x.law domain. Since then, he has been contacted by the owner of the Domain several times in an attempt to sell the Domain to the Plaintiff: the request has varied from $19,999 to $39,999. As recently as December 16, 2024 and February 6, 2025, the anonymous owner of the domain has contacted the Plaintiff through GoDaddy as an intermediary to try to sell the Domain to Plaintiff for upwards of $24,999.00.

16. Plaintiff is informed and believes that the owner of the Domain has no intention of using the Domain and registered the same for the sole purpose of profit from its sale. Additionally, Plaintiff is informed, believes and thereon alleges that, in violation of GoDaddy's own policy, the owner is not a lawyer or law firm.

17. Since the Domain is registered through a proxy, and all of the communication for its sale is conducted through GoDaddy as an intermediary, Plaintiff is unable to determine the identity of the owner.

18. Plaintiff is not aware of anyone else with intellectual property rights in the Mark.

19. The Domain incorporates the entirety of the literal element of the Mark.

20. Plaintiff has never given permission to use the Mark to any third party and has never licensed the same.

///

///

///

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement)

21. Plaintiff realleges and incorporates herein by reference Paragraphs 20 inclusive, with the same force and effect as through set forth in full hereat.

22. Defendants' actions constitute registration, trafficking, or use of a domain name that is confusingly similar to the Plaintiff's Mark, with bad faith intent to profit therefrom.

23. The Plaintiff, because of Defendants' actions, is being prevented from using and exercising control over the Domain.

24. The Plaintiff is being harmed through the loss of revenue, loss of business, and loss of business opportunities unless the Defendant is enjoined.

25. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate location of Defendant for any Court's jurisdiction in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

26. The above described conduct of Defendant Doe, registrant of the Defendant Domain, constitutes unlawful cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

27. The above described conduct by Defendant has caused, and is causing, great and irreparable harm to the Plaintiff and to the public. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S.C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain to the Plaintiff.

///
///
///
///
///
///

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition Under California Business and Professions Code § 17200 *et seq*.)

28. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 20 inclusive, with the same force and effect as though set forth in full hereat.

29. The above described conduct by Defendant constitutes common law unfair competition by way of the bad faith registration of the Domain to try to profit from the use of Plaintiff's Mark.

30. Plaintiff has no adequate remedy at law and will continue to suffer irreparable injury resulting from Defendant's illegal acts unless Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

31. Judgment in Plaintiff's favor and against Defendants on all causes of action alleged herein;

32. An Order directing Defendant to transfer the Domain to Plaintiff;

33. A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the reproduction, production, copying, use, distribution, exploitation, advertising, and promotion of the Mark or derivative works therefrom;

34. Recovery of Plaintiff's attorney's fees and full costs of suit;

///
///
///

35. Any other remedies to which Plaintiff may be entitled.

DATED: April 16, 2025                    WOLK & LEVINE, LLP

_____
By: Zachary Levine, Esq.
Attorneys for The X-Law Group, PC

## DEMAND FOR A JURY TRIAL

Pursuant to F.R.C.P. Rule 38 and Local Rule 38-1, Plaintiff requests a trial by jury.

DATED: April 16, 2025                    WOLK & LEVINE, LLP

_____
By: Zachary Levine, Esq.
Attorneys for The X-Law Group, PC